IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

NICKY PATTERSON                                                               PETITIONER

V.                                                                  NO. 2:11CV00174-WAP-JMV

JESSIE STREETER, ET AL.                                                      RESPONDENTS

**REPORT AND RECOMMENDATION**

This matter is before the court on the motion (# 9) of the Respondents for dismissal. The matter has been referred to the undersigned United States Magistrate Judge for review and issuance of a report and recommendation. After due consideration, the court recommends that Respondents' motion to dismiss be granted and that the petition be dismissed with prejudice.

**A. Factual and Procedural Background**

Patterson was convicted of one count of possession of cocaine and one count of possession of a firearm by a convicted felon in the Circuit Court of Coahoma County, Mississippi. On December 17, 2008, he was sentenced as an habitual offender to serve sixteen years for the cocaine charge and ten years for the firearm charge in the custody of the Mississippi Department of Corrections, said sentences to be served consecutively. Patterson appealed his convictions and sentences to the Mississippi Supreme Court, and, on June 8, 2010, the Mississippi Court of Appeals affirmed the judgment in a written opinion, *Patterson v. State*, 37 So.3d 702 (Miss.Ct.App. 2010) (Cause No. 2009-KA-00076-COA). Patterson did not file a timely motion for rehearing or seek a writ of certiorari from the Mississippi Supreme Court.[1] However, on June 15, 2011, Patterson filed an Application for leave to proceed in the trial court with a motion for post-conviction relief in the Mississippi Supreme Court. The Application was signed by Patterson on June 10, 2011. That court

---

[1] The court may take judicial notice of public court records and information related to the Petition that are not in dispute. *See Bauer v. Texas*, 341 F.3d 352, 362 n. 8 (5th Cir. 2003).

denied Patterson's Application by order filed on July 26, 2011. Thereafter, Patterson filed his Petition with this court on August 19, 2011. However, the Petition was signed on August 15, 2011.[2]

## B. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Under Mississippi law, Patterson had fourteen days after a decision was rendered on his appeal to file a motion for rehearing. M.R.A.P. 40(a). Because he failed to pursue a motion for

---

[2] The Petition is deemed filed when the prisoner places the document in the prison mail system. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners).

rehearing and did not seek a writ of certiorari to the Mississippi Supreme Court, the appeal process was stopped. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Duplantis v. Booker*, 273 F.3d 392, 2001 WL 1013067 at **1-3 (5th Cir. 2001). As such, Patterson's conviction became final fourteen days after his conviction was affirmed, June 22, 2010 (June 8, 2010, plus 14 days).

Patterson, therefore, had one-year or until June 22, 2011, to seek federal review of his judgment or "properly file" an application for post-conviction relief in state court to toll the limitations period. 28 U.S.C. § 2244(d)(2). Because Patterson filed an Application for post-conviction relief in the Mississippi Supreme Court on June 10, 2011, the statute of limitations was tolled from that date until the Mississippi Supreme Court denied the Application on July 26, 2011. Both the Respondents and the Petitioner agree upon this date range. However, the Respondents have calculated that the statute was tolled for 46 days, while the Petitioner argues that the correct calculation is 56 days.

The court finds the Petitioner has made an error in calculation. Accordingly, his argument that the instant Petition was filed within the limitations period is without support. Because the statute of limitations was tolled for only 46 days from June 22, 2011, Patterson had until Monday, August 8, 2011, to file his Petition in this court. Patterson signed the instant Petition on August 15, 2011. Accordingly, the instant Petition was filed at least 7 days beyond the August 8, 2011, deadline.

The Petition is untimely unless the doctrine of equitable tolling applies. To warrant equitable tolling, a habeas petitioner must cite "rare and exceptional" circumstances or that he was actively misled or prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). Because Patterson has failed to present any "rare and exceptional circumstances," warranting equitable tolling of the limitations period, it is recommended that the Respondents' motion to dismiss be granted and that the Petition be dismissed with prejudice.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The

parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 13th day of January, 2012.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE